UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                              No. 02-4318

RODRICUS LAMONT BRIGHT,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-01-292)

Submitted: August 28, 2002

Decided: September 24, 2002

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Rodricus Lamont Bright appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). Bright argues that there was insufficient evidence for a jury to find that he dropped a firearm recovered near where he was apprehended and arrested by police officers. Finding no error, we affirm.

Bright contends that the gun actually belonged to Courtney Melvin, a person who may have been in the area, Few Gardens, at the time Bright was arrested. In reviewing a sufficiency of the evidence claim, we will sustain a guilty verdict if there is substantial evidence, taking the view most favorable to the government, to support the finding of guilt. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Furthermore, "determinations of credibility are within the sole province of the [fact finder] and are not susceptible to judicial review." *Burgos*, 94 F.3d at 863 (internal quotation omitted).

We conclude, construing the evidence in the light most favorable to the Government, that there was sufficient evidence to find that Bright possessed the gun. Bright was wearing a bright multi-colored shirt, and Investigator York testified that he never lost sight of Bright during the chase and that both he and Investigator Vickers saw him drop an object, which York thought was a gun, in the exact spot where a gun was recovered.

Bright's witnesses placed Courtney Melvin at Few Gardens on the day of the arrests. Tiffany Keech testified that Melvin was showing off a gun earlier in the day. Lonzell Bostic testified that Courtney Melvin was in the group of men who ran when the arrest team moved in on them. Bostic admitted that Melvin was not wearing a multi-colored shirt, and that Bright was wearing a bright orange shirt. We

conclude that the final determination rests upon the jury's credibility determination that the officers observed Bright, and not Melvin, drop the object that was later recovered and found to be a gun. Therefore, this court may not disturb the factual finding. *See Burgos*, 94 F.3d at 863.

We therefore affirm the judgment order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*